UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DILLARD,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO HUMAN RIGHTS COMMISSION, et al.<br><br>Defendants. | Case No. 1:26-cv-00417-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff Michael Dillard's In Forma Pauperis Application (Dkt. 1) and Amended Complaint (Dkt. 4). For the reasons explained below, the Court will grant the In Forma Pauperis Application and dismiss the Complaint with leave to amend.

## DISCUSSION

### 1. In Forma Pauperis Application

Any party initiating a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis, and the Court "may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1).

To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all the assets that he possesses and that indicates that he is unable to pay the required fee. *Id.* An affidavit is sufficient where if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Additionally, the affidavit must state the facts as to affiant's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Mr. Dillard's affidavit and determined that Mr. Dilllard has alleged sufficient facts to support his poverty. Dkt. 1. Mr. Dillard is currently unemployed, with less than $100 in monthly income from unemployment payments and interest. *Id.* at 2. He reports only one car as an asset, and claims to have $1,811 in monthly expenses. Additionally, Mr. Dillard reports that his 81-year-old mother relies on him for support. *Id.* at 5. Finally, Mr. Dillard indicates that he has paid or will pay an attorney $2,800 for services in connection with this case. *Id.* Although Mr. Dillard reports $12,000 in a checking account, he claims that that money is rapidly diminishing. *Id.*

In sum, the Court finds that Mr. Dillard's lack of income and monthly expenses indicate that paying filing fees would significantly strain Mr. Dillard's ability to afford basic living expenses. The Court will therefore grant Mr. Dillard's in forma pauperis application.

**2. Sufficiency of Complaint**

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The second basis for dismissal is relevant here.

To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, pro se plaintiffs have the burden of articulating their claims clearly and alleging facts sufficient to support a review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be

notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Mr. Dillard identifies four defendants: the Idaho Human Rights Commission and Benjamin J. Earwicker, Carmen Barney, and Vanessa Rodriguez in their official capacities. Dkt. 4, at 2. He alleges that the Commission and the individual defendants allowed Mr. Dillard's former employee, the West ADA County School District, to violate Mr. Dillard's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and "commit acts of a discrimination nature." Dkt. 4, at 1. He also claims that his case presents a federal question arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Title VII protects against various forms of employment discrimination based on "race, color, religion, or national origin." 42 U.S.C. § 2000e-2(a). The ADA, meanwhile, prohibits discrimination based on disability, which the statute describes as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

If Mr. Dillard belongs to a protected class under Title VII, he has not said which one. Nor has he described his alleged disability under the ADA. The gist of Mr. Dillard's complaint seems to be that the Commission erred by declining to pursue a complaint that Mr. Dillard had filed against the West Ada School District,

his former employer. Dkt. 4, at 3–5. But how the Commission's decision violated Mr. Dillard's rights under either Title VII or the ADA is far from clear.

Given the complaint's lack of a legally recognized cause of action and lack of sufficient factual allegations to support a cause of action, the Court concludes that Mr. Dillard has failed to state a claim upon which relief can be granted. Consequently, the Court will dismiss the complaint. It will, however, give Mr. Dillard leave to amend it to cure these deficiencies. If Mr. Dillard chooses to amend his complaint, he must state specific, plausible legal claims. He must also detail the factual background giving rise to each individual claim that he states.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.
2. Plaintiff's Amended Complaint (Dkt. 4) fails to state a claim upon which relief may be granted and is therefore **DISMISSED**. Plaintiff has 30 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file, along with the amended complaint, a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, this case may be dismissed without further notice. Alternatively, Plaintiff

may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

DATED: August 31, 2026

B. Lynn Winmill
U.S. District Court Judge